UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-01684-MCS-PVC** | Date | April 8, 2026 |
| Title | ***Chen v. Mullin*** | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: MOTION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 6)**

Petitioner Shijie Chen brings this action for a writ of habeas corpus. (Pet., ECF No. 1.) Petitioner filed a motion for a temporary restraining order. (Mot., ECF No. 6.)

The motion fails to comply with the rules governing Rule 65 motion practice and is denied on that basis. *E.g.*, Fed. R. Civ. P. 65(b)(1)(B) (requiring movant's attorney to "certif[y] in writing any efforts made to give notice and the reasons why it should not be required"); C.D. Cal. R. 65-1 (requiring "a proposed TRO, a declaration setting forth the facts and certification required by F.R.Civ.P. 65(b)(1)(A) and (B), and a proposed order to show cause why a preliminary injunction should not issue" to accompany any application for a temporary restraining order).

Moreover, Section 2 of Central District of California General Order No. 26-05 prescribes an expedited schedule for briefing on the merits of petitions for writs of habeas corpus seeking immigration-related relief. Consistent with Section 3 of the General Order, the Court will deny any renewed motion that fails to provide a specific showing in a declaration made under penalty of perjury that Petitioner will

suffer "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."

**IT IS SO ORDERED.**