UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIJIE CHEN, | Case No. 5:26-cv-01684-MCS-PVC |
| Petitioner, | |
| v. | **ORDER RE: REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE (ECF NO. 12)** |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, (Pet., ECF No. 1), the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge, ("R. & R.," ECF No. 12). No objections to the Report and Recommendation have been filed. The Court accepts the report, findings, and recommendations of the Magistrate Judge, except with respect to the recommended relief, on which the Court respectfully disagrees with the Magistrate Judge.

The Magistrate Judge recommends that Respondents be ordered "to immediately release Petitioner unless Respondents have provided Petitioner with a bond hearing under 8 U.S.C. § 1226(a)." (R. & R. 3.) The Court agrees with the Magistrate Judge that a conditional order of release is appropriate here based on the facts and nature of the violation. Given that "habeas corpus is, at its core, an equitable

1

remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), courts have "broad discretion in conditioning a judgment granting habeas relief," *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). While the traditional remedy provided by the writ is immediate release, modern courts generally "employ a conditional order of release in appropriate circumstances." *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008) (collecting cases). Given that Respondents "do not oppose Petitioner's request for a bond hearing," (Answer 2, ECF No. 9), and that Petitioner "does not explain in what way a bond hearing is inadequate to remedy the alleged violations or present any evidence demonstrating that such a hearing would be futile," (R. & R. 2), conditioning Petitioner's release on Respondents providing him a bond hearing is appropriate. The Court modifies the relief recommended by the Magistrate Judge as follows: Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge within seven days of entry of this Order, in accordance with 8 U.S.C. § 1226(a). If Respondents do not provide Petitioner with an individualized bond hearing within seven days, they must immediately release him.

The Magistrate Judge further recommends that Respondents be ordered "to file a notice of compliance advising how they complied with the District Court's Order within seven days." (R. & R. 3.) The Court does not perceive this requirement as necessary given that Petitioner does not seek this relief in his petition. (*See* Pet., Prayer for Relief.) Moreover, if Petitioner is denied bond, he will be able to appeal that denial to the Board of Immigration Appeals ("BIA"). Any challenge to the sufficiency of Petitioner's bond hearing should be presented to the BIA in the first instance, unless Petitioner presents grounds for excusing exhaustion. *Leonardo v. Crawford*, 646 F.3d 1157, 1160–61 (9th Cir. 2011); *see also Lawendi v. Bowen*, No. 5:26-cv-00845-FWS-ACCV, 2026 U.S. Dist. LEXIS 59835, at *3 (C.D. Cal. Mar. 13, 2026) ("To the extent Petitioner disputes the sufficiency of the bond hearing he received, those arguments are more appropriately addressed to the Board of Immigration Appeals . . . , not [the district] court."); *Da Costa-Joao v. McGregor*,

No. CV-26-00715-PHX-DWL (MTM), 2026 U.S. Dist. LEXIS 86879, at *5–6 (D. Ariz. Apr. 16, 2026) (denying relief where Petitioner sought "to raise challenges to the outcome of the bond hearing and how that hearing was conducted" because they were "challenges Petitioner could have raised via a request for review by the BIA"). Further, any potential disagreement with the merits of the immigration judge's decision concerning bond would fall outside of the Court's authority. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *see also Salgado Valenzuela v. Semaia*, No. 5:25-cv-02853-SSS-RAO, 2025 U.S. Dist. LEXIS 256917, at *4 (C.D. Cal. Dec. 10, 2025) ("Although Petitioner may disagree with the outcome of the [immigration judge's] determination at the bond hearing, this Court does not have jurisdiction to sit as an appellate body over this issue.").

Finally, the Magistrate Judge recommends the Court find "that the granting of interim relief does not moot the Petition, which remains pending." (R. & R. 3.) The Court is not granting interim relief with this Order; the Court is issuing a final determination on the merits of Plaintiff's habeas petition and providing final relief accordingly. The Petition is no longer pending, and the Court will enter Judgment consistent with this Order.

IT IS THEREFORE ORDERED that Judgment be entered granting the Petition. Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge within seven days of entry of this Order, in accordance with 8 U.S.C. § 1226(a). If Respondents do not provide Petitioner with an individualized bond hearing within seven days, they must immediately release him.

DATED: May 19, 2026

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

3